# South & North Alabama Railroad Co. v. Hagood.

*Action against Railroad Company for killing Stock.*

1. *Action against railroad company for killing stock; what complaint must allege.*—The complaint in an action against a railroad company, to recover damages for the killing or injury of live stock by its train, is demurrable, unless it avers that the injury was negligent, or the result of negligence on the part of defendant, its agents or servants.

2. *"Act to protect owners of stock on the line of railroads in this State;" construed.*—The "act to protect owners of stock on the line of railroads in this State," approved April 23d, 1873, is not compulsory upon either railroad companies or the owners of stock, and does not increase the liability of the companies for killing cattle.

3. *Case followed.*—The case of the *South & North Ala. R. R. Co.* v. *Brown,* page 651, followed, as to what constitutes a presentment of a claim for killing cattle, within the meaning of section 1402 of the Revised Code.

APPEAL from Circuit Court of Jefferson.

Tried before Hon. W. S. MUDD.

Hagood, the appellee, recovered judgment in a justice's court against the South & North Alabama Railroad Company for the sum of eighty-five dollars, for stock killed by the train of defendant. The railroad company appealed to the circuit court. In that court the plaintiff filed a complaint containing two counts.

The first count claimed of the defendant eighty dollars

[S. & N. A. R. R. Co. *v.* Hagood.]

"as damages for the killing of two oxen, the property of plaintiff, by the defendant on the 18th day of July, 1873. And plaintiff avers that a locomotive and cars of defendant, being at the time aforesaid, driven over the railroad of defendant, by its servants and employees, ran over and killed said plaintiff's oxen at the time aforesaid, and that said oxen were, at the time of said killing, worth eighty dollars, to the damage of plaintiff as aforesaid, and plaintiff avers that within sixty days after the killing of said oxen as aforesaid, a claim for paymant of the same was presented by plaintiff to defendant or its agents, and yet defendant has not paid plaintiff the value of said oxen, to the damage of plaintiff as aforesaid, and plaintiff avers that defendant failed to appraise the value of said oxen, killed by defendant as aforesaid, by three disinterested citizens along the line of the railroad selected by defendant's section master, of the section upon which said oxen were killed as aforesaid."

The second count claimed damages for the killing of plaintiff's oxen, which were of the value of eighty dollars, "by negligently running defendant's cars and locomotives over said oxen, on the 13th day of July, 1873, while said oxen were on defendant's track, and defendant on perceiving said oxen on the track, failed to use all means, known to skillful engineers, to stop said train and locomotive," to plaintiff's damage, &c.

The defendant demurred to the first count, on the following grounds : (1) It does not allege that said killing was the result of any negligence on the part of defendant, or its servants and employees ; (2) Because it does not aver that defendant's servants failed to use all means known to skillful engineers to stop the train on perceiving the cattle ; (3) Because the failure to appraise the cattle did not injure plaintiff ; (4) Because the averments of the complaint show no cause of action in favor of plaintiff.

The court overruled the demurrer, and a trial was had, which resulted in verdict and judgment for the plaintiff.

The railroad company sought to defeat a recovery, on the ground that the claim was not properly presented, within sixty days after it occurred. The evidence showed, however, that the section master, on the section where the oxen were killed, at the plaintiff's request had made a written statement of the age and value of the oxen, and the circumstancos of the killing, which " he said he would send to the proper officer of defendant." Within less than sixty days after the oxen were killed, Whitfield, the general claim agent of defendant, who had authority to adjust and settle

[S. & N. A. R. R. Co. v. Hagood.]

all such claims, called on the plaintiff, and offered to pay him one-half the value of the oxen in full settlement.

The court charged the jury, in substance, that these were facts which they might consider as going to show due presentment of plaintiff's claim. The defendant excepted to the giving of this charge.

The bill of exceptions does not profess to set out all the evidence.

The defendant introduced testimony, tending to show that "at the time of the killing, the engineer, driving said locomotive, and the other servants of defendant on the train, were not guilty of any negligence, and that the engineer did all in his power, known to skillful engineers, to prevent said injury or killing of the oxen."

The defendant then requested two charges in writing, asserting in substance, that if "at the time of the killing" defendant's servants were not guilty of any negligence, plaintiff could not recover. The court refused to give these charges, or either of them, and defendant duly excepted.

HEWITT & WALKER and RICE, JONES & WILEY, for appellant.

JOHN T. TERRY, contra.

BRICKELL, C. J.—The decision in the case of South & North Ala. R. R. v. Brown, covers all the assignments of error in this case, except those relating to the overruling of the demurrer to the first count of the complaint. The first and second grounds of demurrer, are in substance the same, that it is not averred the injury was the result of negligence. In Mobile & Ohio R. R. Co. v. Williams, ante, p. 595, we used the following language on this point:

"The complaint or statement filed by appellee did not aver the killing of the cattle was negligent, or the result of the negligence of the appellant, its servants or agents. A demurrer to it was interposed on this specific ground, and was overruled. In this, there was error. Negligence of appellant, its servants or agents, is an essential ingredient of the right of recovery, and without an averment of it, no cause of action was disclosed. As the complaint stands, construing it as all pleadings are construed, most strongly against the pleader, the intendment would be that there was no negligence, no breach of duty, on the part of appellant; that the liability was deducible only from the fact of killing. True, evidence of the killing, would throw the burden of

[S. & N. A. R. R. Co. v. Hagood.]

proving diligence on the appellant, but the right of the appellee to a recovery, still rests on the fact of a negligent injury, which must be averred."

The demurrer was therefore well taken, and should not have been overruled. A simple allegation that the killing was negligent would have been sufficient, without averring that those operating the train when it occurred perceived, or did not perceive the oxen, or on perceiving them, that they did not use any particular means to avoid the injury. The other grounds of demurrer were not well taken, and were properly overruled.

The count seems to have been framed with a view to the statute, approved April, 23, 1873, entitled, "an act to protect the owners of stock on the line of railroads in this State." Pamph. Acts, 1872–3, p. 124. The first section of the act provides that whenever any horse, mule, cattle, &c., may be killed or injured by the railroads in this State, it shall be the duty of three disinterested citizens along the line of the road to be selected by the section master of the section upon which the stock is killed, or injured, to appraise the value of the stock, and return the appraisement to the chief officer of the company, with the name of the owner. The second imposes on the railroad company, the duty of causing payment of the appraisement to be made, at a depot or office of the company, in the county where the injury occurred, or to pay the expenses of the owner in going to and returning from the general office of the company, for the purpose of collecting the same.

If the first section of this act is capable of any operation it is only to provide a mode by which the value of the stock injured or killed, may be ascertained by the consent of the railroad company expressed through the action of its section master, in the selection of appraisers, with the concurrence of the owner of the stock. It cannot operate to increase the liability of the company for injuries to stock, nor as compulsory on either party. When the mode of ascertaining the value is not pursued, the statute is inoperative. The averment therefore that the appellant failed to cause an appraisement of the oxen alleged to have been killed, as provided by the statute, does not cure the want of an averment of negligence.

The judgment is reversed and the cause remanded.